# UNITED STATES COURT OF APPEALS
# FOR THE DISTRICT OF COLUMBIA CIRCUIT

|  |  |  |
|---|---|---|
| ENVIRONMENTAL DEFENSE FUND, et al., | ) ) ) ) | |
| Petitioners, | ) ) ) | No. 25-1164, 25-1168 |
| v. | ) ) ) | |
| U.S. ENVIRONMENTAL PROTECTION AGENCY, ET AL., | ) ) ) ) | |
| Respondents. | ) ) | |

## EPA'S STATUS REPORT AND MOTION TO GOVERN

Pursuant to the Court's order dated November 19, 2025, Document #2146242, Respondents U.S. Environmental Protection Agency et al. (collectively, EPA) hereby provide the following report on the status of agency proceedings, combined with a motion to govern further proceedings in this case:

1. In March 2024, EPA set new source performance standards to limit emissions of volatile organic compounds and methane from 25 subcategories of new oil and natural-gas sources. 89 Fed. Reg. 16820, 16830 (Mar. 8, 2024) ("2024 Rule"). EPA also promulgated emission

1

guidelines for states to limit emissions of methane from existing sources.  *Id.* at 16833.

2. In July 2025, EPA promulgated an interim final rule that extended a narrow subset of the 2024 Rule's deadlines.  90 Fed. Reg. 35966 (July 31, 2025) ("Interim Rule").

3. In August 2025, Petitioners sought review of the Interim Rule and moved for summary vacatur.  Document #2130555.  Petitioners' motion argued only that the Interim Rule was faulty due to alleged procedural errors.  *Id.*  EPA opposed Petitioners' motion, arguing that Petitioners failed to meet their heavy burden to show that the merits are so clear as to forgo normal briefing and argument.  Document #2137115.  EPA also advised the Court and the Parties that EPA had solicited comment on the Interim Rule and intended to issue a subsequent final rule in 2025.  *Id.* at 9.  EPA urged the court to allow that process to play out because the subsequent final rule would cure the "alleged procedural errors." *Id.* at 15-16.

4. On November 19, 2025, the Court issued an order deferring consideration of the motion for summary vacatur and requiring EPA to file a report on the status of agency proceedings regarding the Interim

Rule, combined with a motion to govern further proceedings in this consolidated case.  Document #2146242.

5.     On November 26, 2025, EPA signed the aforementioned final rule.  Oil and Natural Gas Sector Climate Review: Extension of Deadlines in Standards of Performance for New, Reconstructed, and Modified Sources and Emissions Guidelines for Existing Sources, 90 Fed. Reg. 55671 (Dec. 3, 2025) ("Final Rule"); *see also* Final Rule: Response to Public Comments on the July 31 2025 IFR (Dec. 3, 2025).[1] The Final Rule responds to comments on the Interim Rule, concludes that the amendments to the 2024 Rule made in the Interim Rule are still appropriate after consideration of comments, and makes further changes to certain compliance deadlines in response to comments.  *Id.*

6.     The Final Rule is inherently linked to the Interim Rule and directly bears on this case.  As stated in EPA's opposition to Petitioners' motion for summary vacatur, the Final Rule cures any procedural errors in the Interim Rule that have been alleged by Petitioners.  Document #2137115 at 15-16.

---

[1] https://www.regulations.gov/document/EPA-HQ-OAR-2025-0162-0673.

7. Under Clean Air Act section 307(b)(1), judicial review of the Final Rule will be available only by filing a petition for review in this Court on or before 60 days after December 3, 2025, the date Final Rule published in the Federal Register.

8. Given the linkage between the Interim Rule and Final Rule, EPA requests that the Court hold this case in abeyance and continue to defer consideration of the pending summary-vacatur motion, in accordance with Paragraph 11 below, until after the 60-day period for judicial review of the Final Rule has run and any petitions for review challenging the Final Rule have been consolidated with this case.

9. This Court has "broad discretion to stay proceedings as an incident to its power to control its own docket." *Clinton v. Jones*, 520 U.S. 681, 706 (1997) (citing *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)). An abeyance is prudent "if the public welfare or convenience will thereby be promoted." *Landis*, 299 U.S. at 256.

10. Abeyance here would preserve the resources of the Parties and the Court. Any challenge to the Final Rule is very likely to involve the same, or similar, issues as those presented in the present challenge to the Interim Rule. And, as described above, the Final Rule obviates

4

the need for judicial resolution of the disputed issues in the pending motion for summary vacatur.  *Ctr. for Biological Diversity v. EPA*, 56 F.4th 55, 71–72 (D.C. Cir. 2022) (courts "routinely stay [their] hand when parties identify developments that are likely to render judicial resolution unnecessary"); *Am. Petroleum Inst. v. EPA*, 683 F.3d 382, 386–87 (D.C. Cir. 2012) (finding proposed rule that would eliminate disputed issue rendering pending case prudentially unripe).

11. EPA therefore requests that the Court hold this case in abeyance and require the Parties to file a motion to govern future proceedings two weeks after either (a) the time for seeking judicial review of the Final Rule expires and no petitions for review are filed, or (b) petition(s) for review challenging the Final Rule are filed, and a motion to consolidate all such petitions with the above-captioned case is adjudicated.

12. As a courtesy, EPA provided advance notice of its motion-to-govern position to the parties.  Counsel for Petitioners Environmental Defense Fund et al. requested that EPA report that Petitioners oppose EPA's abeyance request, would not oppose consolidation, and plan to file their response to EPA's motion to govern within the timeframe

ordered by the Court. Counsel for Defendant-Intervenor Domestic Energy Producers Alliance asked EPA to report that the Alliance supports EPA's abeyance request.

Respectfully submitted,

ADAM R.F. GUSTUFSON
Principal Deputy Assistant Attorney
 General

 /s/ Elliot Higgins
ELLIOT HIGGINS
ZOE B. PALENIK
U.S. Department of Justice
Environment and Natural Resources
 Division
P.O. Box 7611
Washington, D.C. 20044
(202) 598-0240
elliot.higgins@usdoj.gov

Of Counsel:

DEREK MILLS
*Attorney*
U.S. Environmental Protection Agency

# CERTIFICATE OF COMPLIANCE

This document complies with the word limit of Federal Rule of Appellate Procedure 27(d)(2)(A) because, excluding the parts of the document exempted by Federal Rule of Appellate Procedure 32(f), this document contains 885 words.

This document complies with the typeface requirements of Federal Rule of Appellate Procedure 32(a)(5) and the type-style requirements of Federal Rule of Appellate Procedure 32(a)(6) because this document has been prepared in a proportionally spaced typeface using Microsoft Word in 14-point Century Schoolbook font.

*/s/ Elliot Higgins*

# CERTIFICATE OF SERVICE

On December 5, 2025, I filed the foregoing using the Court's CM/ECF system, which will electronically serve all counsel of record registered to use the CM/ECF system.

*/s/ Elliot Higgins*