ORAL ARGUMENT NOT YET SCHEDULED

## IN THE UNITED STATES COURT OF APPEALS
## FOR THE DISTRICT OF COLUMBIA CIRCUIT

ENVIRONMENTAL DEFENSE FUND, ET AL.,

      *Petitioners*,

    v.

LEE ZELDIN, ET AL.,

      *Respondents*.

Case No. 25-1164 and the consolidated cases

## RESPONDENTS' MOTION FOR EXTENSION OF TIME

Pursuant to Circuit Rule 27(g), Respondents the United States Environmental Protection Agency and Lee Zeldin, in his official capacity as its Administrator (collectively, "EPA"), respectfully request that the Court extend the deadline for parties to respond to Petitioners' second motion for summary vacatur until EPA's pending motion to govern is adjudicated. In the alternative, EPA requests a 35-day extension of time, until February 6, 2026, to respond to Petitioners' second motion for summary vacatur, Document #2151923. Counsel for EPA has conferred with counsel for the parties. All Intervenors that reported positions either consent to or support EPA's motion, and none stated an intention to file a response. Petitioners oppose EPA's proposed extension request and intend to file a response. Counsel for Petitioners further stated, "Petitioners would not

1

oppose a 10-day extension of the deadline to respond, double the standard time allotted under Federal Rule of Appellate Procedure 27(a)(3)(A)." As explained below, however, a 10-day extension would be insufficient to allow for orderly preparation of EPA's response. In support of this motion, EPA states as follows:

1.    This consolidated case concerns challenges to two related EPA rules promulgated under the Clean Air Act: (1) Extension of Deadlines in Standards of Performance for New, Reconstructed, and Modified Sources and Emissions Guidelines for Existing Sources: Oil and Natural Gas Sector Climate Review Final Rule, 90 Fed. Reg. 35966 (July 31, 2025) ("Interim Rule"), and (2) Oil and Natural Gas Sector Climate Review: Extension of Deadlines in Standards of Performance for New, Reconstructed, and Modified Sources and Emissions Guidelines for Existing Sources, 90 Fed. Reg. 55671 (Dec. 3, 2025) ("Final Rule"). Petitioners filed an opposed motion for summary vacatur of the Interim Rule. Once that motion was fully briefed, the Court issued an order deferring consideration of Petitioners' motion and requiring EPA to file a status report and motion to govern further proceedings. Document #2146242.

2.    On December 19, 2025, EPA filed its reply in support of its motion to govern, proposing that the Court continue to defer adjudication of the first summary-vacatur motion and *any future* such motions, and instead set the case for merits briefing and order the parties to propose a briefing schedule by February 16,

2026, which is two weeks after the statutory deadline to challenge the Final Rule. Document #2151436. EPA also explained why the Court should order parties to proceed directly to merits briefing instead of first engaging in multiple rounds of protracted motions practice. *Id*.

3.     On December 23, 2025, Petitioners filed a second motion for summary vacatur. Document #2151923.

4.     EPA's and Intervenors' respective responses to Petitioners' motion are currently due by January 2, 2026. Fed. R. App. P. 27(a)(3)(A). EPA respectfully requests that the Court extend that deadline until EPA's pending motion to govern is adjudicated and the need for any response to the second motion for summary vacatur is determined.

5.     Good cause exists for this request. Fed. R. App. Proc. 26(b). If the Court grants EPA's motion to govern and orders merits briefing, there will be no need for EPA or Intervenors to respond to the second summary-vacatur motion or for Petitioners to reply because the case will be resolved on merits briefing.[1] An extension would thus preserve the parties' and the Court's limited resources.

6.     Extending EPA's and Intervenors' deadline until EPA's pending motion to govern is adjudicated makes sense even if the Court declines to proceed

---

[1] Merits briefing is the appropriate course here for the reasons explained in EPA's reply in support of its motion to govern. *See generally* Document #2151436.

3

directly to merits briefing. In this scenario, when the Court sets forth its order to govern proceedings, it could simply order EPA to respond to the second summary-vacatur motion at that time. The potential benefit to the parties of avoiding needless responses and replies to the second summary vacatur motion outweighs any potential prejudice to Petitioners, which would be limited to the time it takes the Court to rule on the motion to govern. That is especially true when Petitioners, in moving for summary vacatur, seek speed because they think the resolution is "so clear" that ordinary briefing and argument are unnecessary—not to avoid any irreparable harm. *See* D.C. Cir. Handbook of Practice & Internal Procedures at VIII.G.

7.     If the Court were disinclined to extend the parties' response deadline until the motion to govern is adjudicated, EPA requests a 35-day extension of time for all parties to respond to Petitioners' second summary-vacatur motion, to February 6, 2026. EPA's requested extension is necessary to provide adequate time for EPA to prepare a response to Petitioners' motion and 384-page appendix, which includes 24 declarations. The present 10-day response period encompasses the winter holidays, during which time undersigned counsel and EPA staff assigned to this matter have pre-planned annual leave. Undersigned counsel also has significant other professional obligations in the next few weeks, including a settlement negotiation meeting (during the week of January 5), a separate

mediation (expected in mid-January), oral argument (January 21), and a possible supplemental brief to the first summary-vacatur motion in this case. In addition, EPA's response will need to undergo multiple levels of management review at both EPA and the Department of Justice. Ten days, in short, is not nearly enough for EPA to respond to the summary-vacatur motion.

8.     A 35-day extension would not unduly delay the resolution of Petitioners' motion or this litigation. Petitioners' motion would be fully briefed by February 2026—about two months after its filing and well in advance of the expiration of the challenged extensions (most of which expire in January 2027). As such, this extension would grant EPA a fair chance to respond to Petitioners' motion without unnecessary delay or undue prejudice to Petitioners. Notably, the Court granted EPA's opposed motion for a 28-day extension to respond to Petitioners' first motion for summary vacatur, Document #2132091, and that period did not encompass the winter holidays.

9.     Though Petitioners would be amenable to a 10-day extension, this amount of additional time would not be sufficient to allow for the orderly preparation of EPA's brief for the reasons discussed above in paragraph 7.

For these reasons, EPA respectfully requests that the Court extend all parties' deadline to respond to Petitioners' second motion for summary vacatur until EPA's pending motion to govern is adjudicated and the need for any such

response is determined. In the alternative, EPA requests a 35-day extension of time, until February 6, 2026, to respond to Petitioners' second motion for summary vacatur.

Respectfully submitted,

DATED:    December 24, 2025

ADAM R.F. GUSTAFSON
*Principal Deputy Assistant Attorney General*

ROBERT N. STANDER
*Deputy Assistant Attorney General*

*/s/ Elliot Higgins*
ELLIOT HIGGINS NY Bar No. 5737903
United States Department of Justice
Environmental Defense Section
P.O. Box 7611
Washington, DC 20044
Tel: (202) 598-0240
Fax: (202) 514-8865
elliot.higgins@usdoj.gov

6

**CERTIFICATE OF COMPLIANCE**

This document complies with the word limit of Federal Rule of Appellate Procedure 27(d)(2)(A) because, excluding the parts of the document exempted by Federal Rule of Appellate Procedure 32(f), this document contains 1,092 words.

This document complies with the typeface requirements of Federal Rule of Appellate Procedure 32(a)(5) and the type-style requirements of Federal Rule of Appellate Procedure 32(a)(6) because this document has been prepared in a proportionally spaced typeface using Microsoft Word in 14-point Times New Roman font.

DATED:     December 24, 2025

*/s/ Elliot Higgins*
ELLIOT HIGGINS

## CERTIFICATE OF SERVICE

I hereby certify that I filed the foregoing Respondents' Motion for Extension of Time with the Court's CM/ECF system, which will electronically serve counsel for the parties to these consolidated cases.

DATED:     December 24, 2025

*/s/ Elliot Higgins*
ELLIOT HIGGINS