<u>**ORAL ARGUMENT NOT YET SCHEDULED**</u>

**IN THE UNITED STATES COURT OF APPEALS
FOR THE DISTRICT OF COLUMBIA CIRCUIT**

| | |
|---|---|
| ENVIRONMENTAL DEFENSE FUND, et al.,<br><br>*Petitioners,*<br>v.<br>LEE M. ZELDIN, ADMINISTRATOR, U.S. ENVIRONMENTAL PROTECTION AGENCY, et al.,<br>*Respondents.* | No. 25-1164 (consolidated with No. 25-1168, 25-1275) |

**INDUSTRY INTERVENORS' JOINT SUPPLEMENTAL BRIEF
IN OPPOSITION TO PETITIONERS' MOTION FOR SUMMARY
VACATUR AND MOTION TO DISMISS PETITIONS**

Intervenors American Exploration & Production Council, GPA Midstream Association, Interstate Natural Gas Association of America, American Petroleum Institute, and Independent Petroleum Association of America, *et al.,* ("Industry Intervenors") submit this Supplemental Brief in Opposition to Petitioners' Motion for Summary Vacatur, Doc. #2130555, as directed by the Court, Doc. #2152944, and Motion to Dismiss Petitions 25-1164 and 25-1168.

## **INTRODUCTION**

Petitioners challenged and sought summary vacatur of EPA's interim final rule, 90 Fed. Reg. 35966 ("Interim Rule"). The Interim Rule extended deadlines to comply with certain provisions established in an earlier rule, 89 Fed. Reg. 16820 ("2024 Rule"). EPA subsequently issued the Final Rule, which established deadlines that supersede the Interim Rule's deadlines.  The Final Rule was issued after public notice and opportunity for public comment.

Today, the Interim Rule has no ongoing legal effect. Consequently, Petitions 25-1164 and 25-1168 are moot. These cases no longer present a live controversy because there is no relief that this Court could issue to fix the alleged problems with the Interim Rule or to redress Petitioners' claimed injury. The Court should dismiss those Petitions or, at the very least, deny the Motion for Summary Vacatur of the Interim Rule.[1]

---

[1] The other Petition consolidated with these matters, No. 25-1275, seeks judicial review of the Final Rule and is not the subject of Petitioners' Motion or this Supplemental Brief.

## ARGUMENT

### I.    The Final Rule superseded the Interim Rule.

The Interim Rule, published on July 31, 2025, revised deadlines for 11 discrete provisions of the 2024 Rule.[2] 90 Fed. Reg. at 35970-79. EPA requested public comment on the deadlines established in the Interim Rule and held public hearings. *Id.* at 35980, 55673 n.4. Petitioners challenged the Interim Rule in Nos. 25-1164 and 25-1168.

On December 3, 2025, EPA published the Final Rule. The Final Rule was effective December 3, 2025. *Id.* at 55671. In the Final Rule, EPA determined, based on public comments received, to adjust some of the deadlines established in the Interim Rule and to reaffirm others. *Id.* at 55674; *see also* Response to Public Comments, Docket ID EPA-HQ-OAR-2025-0162. The Final Rule either reestablished or replaced the

---

[2] Those provisions are: (1) net heating value monitoring for flares and emission control devices (ECDs), 90 Fed. Reg. at 35971; (2) performance testing of ECDs, *id.* at 35972; (3) no identifiable emissions monitoring, *id.* at 35973; (4) low-e equipment repair requirements, *id.*; (5) second phase of the process controller standards, *id.* at 35974; (6) legally and practicably enforceable criteria, *id.* at 35975; (7) throughput-based modification trigger for tanks, *id.*; (8) tank potential-to-emit using 30-day production period, *id.*; (9) super emitter program, *id.* at 35976; (10) flare pilot flame and alarm requirements, *id.* at 35977; and (11) deadline for submission of state programs under Subpart OOOOc, *id.* at 35979.

3

deadlines established by the Interim Rule for all 11 provisions.[3]
Consequently, the Final Rule superseded the Interim Rule in its
entirety. As of December 3, 2025, the Interim Rule no longer has any
ongoing legal effect.

## II.    These cases are moot.

Petitioners make two claims in their motion for summary vacatur:
(1) the Interim Rule is procedurally flawed; and (2) the Interim Rule
unlawfully circumvents CAA § 307(d)(7)(B), 42 U.S.C. § 7607(d)(7)(B)
(authorizing EPA to stay a rule pending administrative
reconsideration). But because the Interim Rule has no ongoing legal
effect, Petitioners no longer can be harmed by that rule and the Court
cannot grant any relief that would redress Petitioners' claimed injury.
These cases are accordingly moot. Consequently, the Motion should be
denied and the cases dismissed.

"[T]he irreducible constitutional minimum of standing contains
three elements" – there must be an "injury in fact," "a causal connection

---

[3] The Final Rule established deadlines for each of the provisions
discussed in footnote 2 above: (1) 90 Fed. Reg. at 55676; (2) *id.*; (3) *id.*;
(4) *id.* at 55677; (5) *id.*; (6) *id.* at 55678; (7) *id.*; (8) *id.*; (9) *id.* at 55678;
(10) *id.* at 55679; and (11) *id.*

between the injury and the conduct complained of," and "it must be likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992) (cleaned up).  "[A]n actual controversy must be extant at all stages of review." *Steffel v. Thompson*, 415 U.S. 452, 459 n.10 (1974).

Petitioners assert that the Interim Rule is procedurally flawed because EPA allegedly did not have adequate justification to invoke the "good cause" to promulgate the rule without prior notice and comment. Doc. #2130555 at 1.  That claim is meritless, as explained in our and EPA's initial response to the motion for summary vacatur.  *See* Doc. #2137091, 2137115.

In any event, the Final Rule cured that alleged problem by taking new final action after public notice and considering public comments received and testimony at a public hearing.  As a result, Petitioners now have no viable claim of ongoing harm attributable to the alleged procedural flaws.  That claim is moot.  *See NRDC v. NRC*, 680 F. 2d 810, 813-14 (D.C. Cir. 1982) ("[N]o justiciable controversy is presented [] when the question sought to be adjudicated has been mooted by

5

subsequent developments.  Corrective action by an agency is one type of

subsequent development that can moot a previously justiciable issue.")

(cleaned up).

Petitioners have argued that the Interim Rule cases are not moot

because "[i]t is the Interim [] Rule—not the Final [] Rule—that governs

the applicable emission controls and compliance assurance

requirements for oil and gas facilities constructed or modified during

that time frame. *See Union of Concerned Scientists v. NRC*, 711 F.2d

370, 377 (D.C. Cir. 1983)."  Doc. #2150239 at 2.  Petitioners are

mistaken because, as explained above, the Final Rule is a new final

action that replaced the deadlines established in the Interim Rule with

newly promulgated deadlines.  Thus, the Final Rule's requirements

apply to affected facilities as of the effective date of that rule.  *Union of

Concerned Scientists* is inapposite because it involved factual findings

made in an interim final rule that were incorporated into the

subsequent final rule despite "never [having] been subjected to public

comment of any kind."  711 F.2d at 377.  Petitioners do not raise that

sort of factual issue in their motion for summary vacatur, and the

revised deadlines in the Final Rule were fully subjected to public

6

comment. 90 Fed. Reg. at 55675-80 (responding to comments on all 11 revised deadlines).

Petitioners also assert that the Interim Rule circumvented 42 U.S.C. § 7607(d)(7)(B). But because the Interim Rule has been superseded by the Final Rule, the Interim Rule has no ongoing legal effect. Consequently, Petitioners no longer can be harmed by the alleged circumvention.

Moreover, reversing the Interim Rule would not affect the Final Rule's revised deadlines. Thus, there is no remedy that could redress the Petitioners' alleged harms. Petitioners do not reassert this claim in their motion for summary vacatur of the Final Rule, thus abandoning it with respect to the Final Rule.

For those reasons, these cases are moot. *American Forest Resource Council v. Williams*, 96 F. 4th 417, 421 (D.C. Cir. 2024) ("[I]t would have been pointless to render a judgment on the validity of" delay rules because they "had by then expired and had no continuing effect.").

## III. The exception for actions that are capable of repetition while evading review is inapplicable.

An exception to the mootness doctrine exists for actions that are capable of repetition but would evade judicial review. "That exception

applies only in exceptional situations, where (1) the challenged action is in its duration too short to be fully litigated prior to cessation or expiration, and (2) there is a reasonable expectation that the same complaining party will be subject to the same action again." *Kingdomware Tech., Inc. v. United States*, 579 U.S. 162, 170 (2016) (cleaned up).

This case is not an exceptional situation. Here, there can be no reasonable expectation that Petitioners will be subject to the same action again. The "same action" generally refers to "particular agency policies, regulations, guidelines, or recurrent identical agency actions." *Pub. Utilities Comm'n of Cal. v. FERC*, 236 F.3d 708, 715 (D.C. Cir. 2001). Petitioners can only speculate that EPA might again issue a "good cause" rule with respect to these deadlines, and the "Supreme Court has … required not merely a physical or theoretical possibility of recurrence." *Id.* at 714.

In any event, any new "good cause" rule in the future would not be the "same action" challenged here. The revised deadlines are fact intensive and situation specific. Any future finding of "good cause" would present a different legal issue and require different analysis.

8

## <u>CONCLUSION</u>

The Court should dismiss Petitions 25-1164 and 25-1168. If the Court disagrees that these Petitions are moot, the circumstances described above weigh strongly against granting the extraordinary relief of summary vacatur. At the very least, the Court should deny the Motion for Summary Vacatur.

Respectfully submitted this 23rd day of January, 2026,

/s/ John H. Bernetich
Jennifer L. Biever
John H. Bernetich
Clay Taylor
Williams Weese Pepple &
Ferguson PC
1801 California Street, Ste 3400
Denver, CO 80202
Phone: 303-861-2828
Email:
jbiever@williamsweese.com
jbernetich@williamsweese.com
ctaylor@williamsweese.com

*Attorneys for American
Exploration & Production
Council*

/s/ Samuel B. Boxerman
Samuel B. Boxerman
Daniel J. Feith
Kathleen M. Mueller
Sidley Austin LLP
1501 K Street, NW
Washington, DC 20005
Phone: 202-736-8000
Email: sboxerman@sidley.com
dfeith@sidley.com
kmueller@sidley.com

*Attorneys for GPA Midstream
Association*

/s/ Makram B. Jaber
Allison D. Wood
Makram B. Jaber
Andrew D. Knudsen
McGuire Woods LLP
888 16th Street, NW, Suite 500
Washington, DC 20006
Phone: 202-857-1700
Email:
awood@mcguirewoods.com
mjaber@mcguirewoods.com
aknudsen@mcguirewoods.com

*Attorneys for Interstate Natural
Gas Association of America*

/s/ William L. Wehrum
William L. Wehrum, Jr.
Wehrum Environmental Law
LLC
1629 K Street, NW, Suite 300
Washington, D.C. 20006
Phone: 302-300-0388
Email:
William_Wehrum@comcast.net

John P. Wagner
American Petroleum Institute
200 Massachusetts Ave., NW
Washington, D.C. 20001
Phone: 202-682-8000
Email: Wagner@api.org

10

*Attorneys for American Petroleum Institute*

/s/ *James D. Elliott*

James D. Elliott
E-Three Law, PLLC
2750 Pilgrim Road
York, PA 17406
Phone: 202-361-8215
Email: jim@e-threelaw.com

*Attorney for Independent Petroleum Association of America, Arkansas Producer Associations and Royalty Owners, Eastern Kansas Oil & Gas Association, Gas and Oil Association of WV, Illinois Oil & Gas Association, Indiana Oil and Gas Association, International Association of Drilling Contractors, Kansas Independent Oil & Gas Association, Kentucky Oil and Gas Association, Michigan Oil and Gas Association, National Stripper Well Association, North Dakota Petroleum Council, Ohio Oil and Gas Association, Pennsylvania Independent Oil & Gas Association, Petroleum Alliance of Oklahoma, Texas Alliance of Energy Producers, Texas Producer Associations & Royalty Owners Association, Western Energy Alliance*

11

## <u>CERTIFICATE OF COMPLIANCE</u>

Pursuant to Rule 32(f) and (g) of the Federal Rules of Appellate Procedure, I hereby certify that the foregoing response complies with the type-volume limitation of Fed. R. App. P. 27(d)(2)(A) and the Court's January 5, 2025 Order, Doc. #2152944, because it contains 1479 words, excluding exempted portions, according to the count of Microsoft Word.

I further certify that this brief complies with Fed. R. App. P. 27(d)(1)(E), 32(a)(5), and 32(a)(6) because it has been prepared in a proportionally spaced 14-point serif type.

Respectfully submitted on January 23, 2026,

*s/ William L. Wehrum*

## <u>CERTIFICATE OF SERVICE</u>

I certify that on this 23rd day of January, 2026, I am causing the foregoing response to be electronically filed with the Clerk of the Court by using the Court's CM/ECF system. All registered counsel will be served by the Court's CM/ECF system.


*s/ William L. Wehrum*